UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD BAIN,                                      CIVIL ACTION
    Plaintiff

VERSUS                                             No. 12-2785

WHITNEY BANK,                                      SECTION "E"
    Defendant

## ORDER AND REASONS

Before the Court are the following motions: (1) defendant Whitney Bank's motion to vacate, or in the alternative modify,[1] an arbitration award rendered in favor of plaintiff Richard Bain ("Bain"); (2) Bain's motion to confirm the arbitration award;[2] and (3) Whitney Bank's motion to stay Bain's petition to confirm the arbitration award.[3] For the reasons set forth below, Bain's motion to confirm is granted, Whitney Bank's motion to vacate/modify is denied, and Whitney Bank's motion to stay is dismissed as moot.

## BACKGROUND

Bain began working for Parish National Bank ("PNB") in February 2007. In January 2008, Bain entered into an employment agreement with PNB.[4] The agreement provided that "[Bain] shall be eligible to participate in incentive plans developed by Bank for its Executive Officers," and "[Bain] shall be entitled to participate in all other benefits generally

---

[1] R. Doc. 13.

[2] R. Doc. 15.

[3] R. Doc. 12.

[4] *See* R. Doc. 19-4.

1

offered to bank employees, as per the Bank's policies."[5] The agreement also contained a provision providing that any claim or controversy arising out of or relating to the agreement would be submitted to arbitration. Specifically, the arbitration provision stated that "[a]ny claim or controversy that arises out of or relates to this Agreement, or the breach of it, will be settled by arbitration with the rules then obtaining of the American Arbitration Association. Judgment upon the award rendered may be entered in any court possessing jurisdiction of arbitration awards."[6]

After a series of mergers, Whitney Bank assumed PNB's contractual obligations, and in September 2011, Bain made demand upon Whitney Bank to pay him compensation he claimed was owed to him under the terms of the agreement. Whitney Bank refused. Bain then instituted arbitration proceedings with the American Arbitration Association, in which Yolanda D. Montgomery (the "arbitrator") served as sole arbitrator. After receiving briefing from both parties, the matter was tried before the arbitrator in June 2012. The arbitrator then ordered the parties to submit post-trial briefing, and on September 4, 2012, she rendered a Reasoned Award (the "award") in favor of Bain.[7]

In that award, the arbitrator found, under Louisiana law, that there was a valid contract between Bain and PNB that was subsequently assumed by Whitney Bank,[8] which agreement entitled Bain to incentive benefits, and that Whitney Bank breached that

---

[5] *Id.*

[6] *Id.*

[7] *See* R. Doc. 19-2.

[8] In finding that an enforceable agreement existed, the arbitrator considered the fact that, in return for Bain's eligibility for benefits, Bain agreed to work exclusively for the company for a period of time, to keep certain information confidential, and to not compete for two years after leaving the company. *See* Doc. 19-2 at p. 5.

2

agreement.[9] In so finding, the arbitrator found the phrase "shall be eligible" to be mandatory, not discretionary as Whitney Bank had argued.[10] The arbitrator also found the bank's failure to comply with this obligation constituted a breach of the agreement and a breach of the bank's obligation of good faith and fair dealing.[11] Upon determining the bank breached the agreement, the arbitrator turned to a determination of the amounts due to Bain.[12] The arbitrator determined that, because PNB paid a "cash bonus" to certain executive officers in 2008, Bain was due a bonus of $475,000, plus judicial interest, for 2008. The arbitrator also determined that executive officers received cash bonuses in 2011, and thus determined that Bain was due a bonus of $76,469.40, plus judicial interest, for 2011.[13] Finally, the arbitrator determined that Bain was to receive the $50,000 in restricted stock because he remained employed by the bank throughout the mergers.[14]

Shortly after the award was issued, Whitney filed a request to amend the award, seeking to correct computational errors in the award and also challenging the arbitrator's underlying legal conclusions. Bain opposed modification of the award. The arbitrator issued an amended award on October 1, 2012 to correct certain typographical and

---

[9] *Id.*

[10] *Id.*

[11] *Id.* at pp. 5-7.

[12] *Id.* at p. 8.

[13] *Id.* The arbitrator also found that no cash bonuses were awarded in 2009 or 2010, and thus that Bain was not entitled to any award for those years, and that Bain's claim for benefits owed for 2012 was not ripe for review. *Id.*

[14] *Id.*

3

computational errors, but did not amend the principal amount awarded to Bain.[15] As a result, the final, amended award in favor of Bain and against Whitney is as follows:

- Bain is entitled to a sum of $475,000.00, plus judicial interest for the period of March 1, 2009 to August 31, 2012 in the amount of $71,415.92;
- Bain is entitled to an additional sum of $76,469.40, plus judicial interest for the period of March 1, 2012 to August 31, 2012 in the amount of $1,541.96; and
- Bain is entitled to $50,000.00 in restricted Hancock Holding Company stock.

Bain made demand upon Whitney to satisfy the award, to no avail. In October 2012, Bain filed a Petition to Confirm Arbitration Award in the Civil District Court for the Parish of Orleans, State of Louisiana.[16] Whitney timely removed the State Action to this Court,[17] and the motions now pending before the Court were filed shortly thereafter.[18] On January 16, 2013, the Court heard oral argument on the pending motions.[19]

## ANALYSIS

### I. Standard of Review

The Federal Arbitration Act ("FAA") creates a strong federal policy in favor of arbitration. It also supplies the mechanisms for enforcing arbitral awards by authorizing the federal courts to enter judicial decrees enforcing, vacating, modifying, or correcting an

---

[15] R. Doc. 19-3.

[16] R. Doc. 1-1.

[17] R. Doc. 1.

[18] *See* R. Doc. 12 (Whitney Bank's motion to stay); R. Doc. 13 (Whitney Bank's motion to vacate/modify); R. Doc. 15 (Bain's motion to confirm); R. Doc. 19 (Whitney Bank's amended memorandum in support of motion to vacate/modify); R. Doc. 20 (Bain's opposition to Whitney Bank's motion to vacate/modify); R. Doc. 21 (Whitney Bank's opposition to Bain's motion to confirm); and R. Doc. 25 (Whitney Bank's reply in further support of its motion to vacate/modify).

[19] *See* R. Doc. 26 (Minute entry from January 16, 2013 oral argument).

arbitral award.[20] *See* 9 U.S.C. § 9-11; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008). "In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow." *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002) (internal quotation marks omitted). Likewise, review of an arbitral award made under the FAA is "exceedingly deferential." *Apache Bohai Corp. LDC v. Texaco China BV,* 480 F.3d 397, 401 (5th Cir. 2007) (citing *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 380 (5th Cir. 2004)). Indeed, "[t]he federal courts will defer to the arbitrators' resolution of the dispute whenever possible." *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990).

The FAA provides four statutory grounds upon which an arbitral award may be vacated. 9 U.S.C. § 10. These are:

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4). The FAA also provides the grounds upon which an arbitral award

---

[20] Bain's state petition sought confirmation of the award under Louisiana law, *see* La. Rev. Stat. 9:4201 *et seq.*, but because the rules contained in the Louisiana Binding Arbitration Law are identical to the federal rules contained in the Federal Arbitration Act, the Court analyzes the pending motions under these federal statutes.

may be corrected or modified. 9 U.S.C. § 11.[21]

"Arbitration is a matter of contract." *Brook*, 294 F.3d at 672 (*AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986)). "Thus, '[t]he power and authority of arbitrators in an arbitration proceeding is dependent on the provisions under which the arbitrators were appointed.'" *Id.* (quoting *Szuts v. Dean Witter Reynolds, Inc.*, 931 F.2d 830, 831 (11th Cir.1991).). In *Hall Street*, the Supreme Court explained that § 10 provides the exclusive regime for vacatur of an arbitration award under the FAA. 552 U.S. at 584. The Fifth Circuit clearly and unequivocally follows this rule. *See Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349 ("*Hall Street* restricts the grounds for vacatur to those set forth in § 10" of the FAA).

In this case, Whitney Bank seeks vacatur of the award under § 10(a)(4), on the grounds that the arbitrator exceeded her authority. "Where arbitrators act 'contrary to express contractual provisions,' they have exceeded their powers." *Apache*, 480 F.3d at 401 (quoting *Delta Queen Steamboat Co. v. AFL–CIO*, 889 F.2d 599, 604 (5th Cir. 1989)). "If

---

[21] 9 U.S.C. § 11 provides as follows:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—
>
> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

the contract creates a plain limitation on the authority of an arbitrator, [the court will] vacate an award that ignores the limitation." *Id.* "[L]imitations on an arbitrator's authority must be plain and unambiguous ...." *Id.* at 404. "A reviewing court examining whether arbitrators exceeded their powers must resolve all doubts in favor of arbitration." *Brook*, 294 F.3d at 672. The federal courts must confirm an arbitration award, unless it is vacated, modified, or corrected as the FAA allows. *Citigroup*, 562 F.3d at 358 (citing *Hall Street*, 552 U.S. at 587).

## II. The Parties' Arguments

### A. Whitney Bank

Whitney Bank claims the arbitrator's decision is based on a legally incorrect interpretation of the agreement. Whitney Bank contends the arbitrator took the clause in the agreement that Bain would be eligible for certain bonuses and incorrectly read it as entitling Bain to those bonuses. Whitney Bank also takes issue with the arbitrator's calculations. Specifically, Whitney Bank contends that § 10(a)(4) provides the basis for vacating the arbitration award. It argues that the arbitrator exceeded her powers by creating a contract/ERISA benefit plan entitling Bain to benefits "out of thin air," and thus the award is unenforceable. Whitney Bank argues that the arbitrator disregarded Louisiana law regarding contract interpretation, and because the award was not rendered in accordance with the applicable law, the arbitrator's decision was carried out in "manifest disregard of the law." Whitney Bank contends the arbitrator's decision is nothing more than a guess. In addition, Whitney Bank argues the Court should modify the award to correct what Whitney Bank characterizes as an "evident miscalculation of figures." Whitney Bank contends that, because the arbitrator relied on numbers that were "wholly incorrect,"

7

her award necessarily involved a material miscalculation. Finally, Whitney Bank argues that the arbitrator abused her discretion in awarding prejudgment interest because such interest was not provided for in the agreement.

### B. Bain

In response, Bain contends Whitney Bank has not met its burden of showing that § 10(a)(4) applies in this case, because the agreement did not limit the arbitrator's authority. Bain also argues that, while Whitney Bank's motion to vacate is purportedly based only on § 10(a)(4), it seems that Whitney Bank is seeking to invoke the "manifest disregard of the law" grounds for vacatur - a judicially created grounds for vacatur that is no longer viable in this Circuit. Bain argues the arbitrator's award was rationally based on the evidence presented, that any issues relating to miscalculation were cured after the arbitrator issued the amended award, and that the arbitrator's award of pre-judgment interest was proper.

### III. § 10(a)(4) Does Not Provide Grounds for Vacatur of the Arbitration Award in this Case

The arbitrator did not exceed her authority in this case. Whitney Bank's argument that the arbitrator exceeded her power by failing to properly apply the terms of the agreement improperly expands the scope of § 10(a)(4). Because arbitration is a matter of contract, the Court examines the language of the arbitration agreement to determine its scope, and, in turn, to determine whether the arbitrator exceeded her authority. *Brook*, 294 F.3d at 672. Accordingly, § 10(a)(4) is concerned only with whether an arbitrator acted "contrary to express contractual provisions" or ignored plain limitations on her power in the arbitration agreement; if she did, she has exceeded her power and the resulting award will be vacated by a reviewing court. *Apache*, 480 F .3d at 401. Likewise, when an

8

arbitrator ignores the express provisions of an agreement to arbitrate, she has gone beyond the scope of her authority, and the award must be vacated. *Houston Lighting & Power Co. v. Int'l Broth. of Elec. Workers, Local Union No. 66*, 71 F.3d 179, 184 (5th Cir. 1995) ("If the language of the agreement is clear and unequivocal, an arbitrator is not free to change its meaning."). Furthermore, if the arbitrator is "fully aware of the controlling principle of law and yet does not apply it, [she] flouts the law in such a manner as to exceed the powers bestowed upon [her]." *Citigroup*, 362 F.3d at 357.

A mistake of fact or law made by the arbitrator, however, is not grounds for vacating an arbitral award. *Apache*, 480 F.3d at 401. As a result, even if the arbitrator misapplied the law in this case, this does not demonstrate that the arbitrator exceeded her powers or otherwise provide grounds for vacatur. *See, e.g., Rent–A–Center, Inc. v. Barker*, 633 F. Supp. 2d 245, 257 (W.D. La. 2009) ("Misapplication of the law is not grounds for vacating an arbitration award under the FAA. . . . Our review is restricted to determining whether the procedure was fundamentally unfair.") (internal quotation marks and citation omitted). Although Whitney Bank argues the arbitrator's decision was legally wrong, it does not quarrel with the fact that the arbitration agreement empowered the arbitrator to make a legal decision regarding the merits of Bain's claim. Likewise, it is clear from the arbitrator's reasoned award and amended award that she considered the applicable Louisiana law, as she was required to do, and made a determination based on her interpretation of the applicable law. Despite Whitney Bank's protestations to the contrary, the Court cannot say that the arbitrator knew of the law and ignored it. Instead, it appears to the Court she knew the law and applied it in a way she deemed appropriate. This Court is not authorized to review the merits of that legal decision. *See, e.g., Hamel–Schwulst v. Country Place Mortg.*

9

*Ltd.*, 406 F. App'x 906, 914 (5th Cir. 2010) (unpublished) ("It has been the rule for some time that courts do not vacate an arbitration award based on the merits of a party's claim.")

Finally, the Court notes that, while Whitney Bank couches its position as seeking vacatur under only § 10(a)(4), it appears Whitney Bank is in fact seeking to revive the "manifest disregard of the law" grounds for vacatur by arguing that the arbitrator knew the applicable Louisiana legal principles and intentionally disregarded them. In support of this position, Whitney Bank cites primarily to three cases: *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1767 (2010); *Reed v. Fla. Metro Univ.*, 681 F. 3d 630, 636-37 (5th Cir. 2012); and *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 481 (4th Cir. 2012).[22] Whitney Bank cites these cases as indicating that the "manifest disregard" standard has not actually been eliminated in this Circuit.

The Court is not persuaded by any of these cases or Whitney bank's argument. *Stolt-Nielsen* and *Reed* are clearly distinguishable,[23] and *Wachovia* is from a different circuit and thus holds little persuasive weight in light of the clear instructions handed down by the Fifth Circuit. In this circuit, "manifest disregard of the law" is not grounds for vacatur. *Citigroup*, 562 F.3d at 358 ("[M]anifest disregard of the law as an independent,

---

[22] At oral argument, counsel for Whitney Bank referenced a case cited in Bain's brief, *Conlux USA Corp. v. Dixie-Narco, Inc.*, 929 F.Supp. 269 (N.D. Ohio 1996), for further support of its argument that an arbitrator legal error can be grounds for vacatur of an arbitral award. However, this case was decided well before the Supreme Court's decision in *Hall Street,* when the "manifest disregard of the law" standard was still available. The *Conlux* opinion has no effect on this Court's decision.

[23] *Stolt-Nielsen* and *Reed* both involved the vacation of an arbitration award in which the arbitrator ordered class arbitration despite the fact that the parties' arbitration agreement did not provide for class arbitration, which the courts found exceeded the arbitrators' power. *Stolt-Nielsen*, 130 S. Ct. at 1770; *Reed*, 681 F.3d at 636. Class arbitration is not an issue in this case. Furthermore, the *Stolt-Nielsen* court explicitly declined to determine whether the "manifest disregard of the law" standard survived *Hall Street*, and instead decided the case pursuant to § 10(a)(4), 130 S. Ct. at 1768 n. 3, and the *Reed* court did not discuss the "manifest disregard of the law" standard.

nonstatutory ground for setting aside an award must be abandoned and rejected. . . . arbitration awards under the FAA may be vacated only for reasons provided in § 10.") Indeed, the Fifth Circuit has, in no uncertain terms, eliminated this judicially created ground for vacatur from the district court's repertoire when faced with a motion to vacate an arbitral award.[24] This Court is bound by the Fifth Circuit's reading of *Hall Street*.

The Court finds that the arbitrator was within the authority bestowed upon her by the arbitration agreement when she rendered the award and amended award. Whitney Bank has not presented any persuasive argument that the arbitrator was not allowed to make the decision she made; indeed, by agreeing to arbitrate their dispute, the parties agreed to be bound by the arbitrator's decision on the merits. While it is obvious that Whitney Bank disagrees with the arbitrator's legal decision, § 10(a)(4) does not authorize the the Court to question the arbitrator's findings of fact or conclusions of law. As a result, to the extent Whitney Bank's motion seeks to have the award vacated, the motion is denied.

## IV. There are No Grounds to Modify or Correct the Arbitration Award in this Case

There are also no grounds for the Court to modify or correct the award in this case. Whitney Bank's argument with respect to § 11 is that the arbitrator's legal interpretation of the agreement was incorrect, which tainted her subsequent calculations. However, as explained above, the Court is not in a position to question the arbitrator's legal

---

[24] Since *Hall Street* and *Citigroup* were decided, judges in this district consistently hold that "manifest disregard of the law" is no longer a viable grounds upon which an arbitral award may be vacated. *See, e.g. Shaw Constructors, Inc. v. HPD, LLC*, 749 F. Supp. 2d 474 (E.D. La. 2010) (Berrigan, J.); *Rain CII Carbon, LLC v. ConocoPhillips Co.*, No. 09-4169, 2011 WL 2565345 (E.D. La. June 27, 2011) (Berrigan, J.); *Hofer Builders, Inc. v. Capstone Building Corp.*, No. 12-1367, 2012 WL 5877986 (E.D. La. Nov. 20, 2012) (Vance, J.); *Bailey v. Northrop Grumman Ship Systems*, Inc., No. 08-4685, 2011 WL 378774 (E.D. La. Feb. 2, 2011 (Barbier, J.).

determinations, and thus takes no position on the correctness of her calculations. Whitney Bank has not provided evidence of any "material miscalculation" by the arbitrator, so the Court has no grounds to amend or correct the award as amended. To the extent Whitney Bank's motion seeks to have the award corrected or modified, the motion is denied.[25]

None of the statutory grounds under which this Court could vacate, correct, or otherwise modify the arbitration award are present in this case. As a result, the Court must confirm the award in favor of Bain and against Whitney Bank. *Citigroup*, 562 F.3d at 358.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Bain's motion to confirm the arbitration award is **GRANTED.**

**IT IS FURTHER ORDERED** that the arbitration award be and hereby is **CONFIRMED.**

**IT IS FURTHER ORDERED** that Whitney Bank's motion to vacate, or in the alternative modify, the arbitration award be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that Whitney Bank's motion to stay be and hereby is **DISMISSED AS MOOT.**

New Orleans, Louisiana, this __21st__ day of January, 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[25] Whitney Bank also attacks the arbitrator's decision to award prejudgment interest to Bain, but, as with Whitney Bank's other arguments, the Court finds the arbitrator's decision was reasoned and based on her interpretation of Louisiana law, and was not rendered in a way that exceeded the authority bestowed upon her by the arbitration agreement. The Court confirms the award of prejudgment interest.