## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RICHARD BAIN,**                                          **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                                **No. 12-2785**

**WHITNEY BANK,**                                         **SECTION "E"**
    **Defendant**

### ORDER AND REASONS

Before the Court is defendant Whitney Bank's "Motion to Review Clerk's Taxation of Costs."[1]  For the reasons set forth below, Whitney Bank's motion is granted.

### BACKGROUND

On January 22, 2013, the Court entered a judgment[2] (the "January 22 Judgment") confirming an arbitration award in favor of plaintiff Richard Bain ("Bain").  Whitney Bank filed a notice of appeal of that judgment on January 24, 2012.[3]  On February 18, 2013, Whitney Bank filed an opposed motion to stay execution of the January 22 Judgment and to waive the supersedeas bond requirement contained in Federal Rule of Civil Procedure 62(d).[4]  On February 22, 2013, Whitney Bank filed another motion to stay execution of the January 22 Judgment and withdrew its request to have the supersedeas bond requirement waived, instead requesting the Court approve a supersedeas bond in the amount of

---

[1] R. Doc. 55.

[2] R. Doc. 28.

[3] R. Doc. 29.

[4] *See* R. Doc. 31.

$809,313.00.[5]  On February 26, 2013, the Court granted Whitney Bank's re-filed motion to stay and approved Whitney Bank's supersedeas bond.[6]

Meanwhile, on February 6, 2013, Bain recorded the January 22 Judgment in the mortgage records for Orleans Parish, Jefferson Parish, and St. Tammany Parish.[7]  On February 22, 2013, Whitney Bank filed a motion to terminate the judicial mortgages filed in those three parishes and to have the January 22 Judgment erased from the respective parishes' records.[8]  After counsel for Bain informed the Court that Bain did not oppose Whitney Bank's motion, the Court granted Whitney Bank's motion to terminate judicial mortgages on February 27, 2013.[9]

On February 25, 2013, Bain filed a Bill of Costs[10] requesting taxation of costs in his favor and against Whitney Bank, under 28 U.S.C. §§ 1920(1) and (4).  In this Bill of Costs, Bain sought from Whitney Bank the following: (1) $502.00 for the filing fee he paid for his motion to confirm the arbitration award; (2) $20 for service of that motion; and (3) $2,182.00 for the costs associated with recording the January 22 Judgment in the parish mortgage records.[11]  On March 18, 2013, the Clerk of Court, over Whitney Bank's

---

[5] R. Doc. 33.

[6] R. Doc. 38.

[7] *See* R. Doc. 36 at p. 3.

[8] *Id.*

[9] R. Doc. 42.

[10] R. Doc. 36.

[11] *Id.*

objection,[12] taxed costs in full to Bain in the amount of $2,704.00.[13]

Whitney Bank now moves to have this Court reduce the total costs taxed by $2,182.00.[14] Whitney Bank argues that in taxing costs under Rule 54(d)(1),[15] the court may tax only those costs explicitly authorized by 28 U.S.C. § 1920,[16] and, while § 1920(4) allows

---

[12] R. Doc. 44.

[13] R. Doc. 54.

[14] Whitney Bank does not object to the Clerk's taxation of the $502.00 filing fee or the $20.00 service fee.

[15] Rule 54(d)(1) provides as follow:

> Unless a federal statute, [the Federal] rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

FED. R. CIV. P. 54(d)(1).  Bain does not dispute the Court's review of the Clerk's taxation of costs was timely requested by Whitney Bank.

[16] 28 U.S.C. § 1920 provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)   Fees of the clerk and marshal;
> (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3)   Fees and disbursements for printing and witnesses;
> (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5)   Docket fees under section 1923 of this title;
> (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

a court to award "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," the costs associated with the recordation of the January 22 Judgment do not fall into this category or any other category listed in § 1920.  In response, Bain argues he had to record the January 22 Judgment "to protect [his] interests as a result of Whitney's actions" and that he would not have had to take this step had Whitney Bank posted a supersedeas bond within the automatic stay period provided by Rule 62(a).[17]

## ANALYSIS

The Court agrees with Whitney Bank in this instance.  Bain has not met his burden of demonstrating how his recordation of the January 22 Judgment in various parish mortgage records departments was necessary for use in this litigation.  Indeed, Bain provides no authority for his assertion that a party's failure to post a supersedeas bond within fourteen days of a judgment necessitates the recordation of that judgment by the prevailing party.  Instead, Bain has provided only an unexplained bill of costs and a naked assertion that recording the judgments was "necessary" in this case.  This is not sufficient. The Court is not convinced the costs associated with recording those judgments is recoverable under § 1920(4).  The Court, in its discretion, finds the tax award to Bain

---

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

[17] Rule 62(a) provides, in part, that " no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry."  Fed. R. Civ. P. 62(a).  The automatic stay period in this case ended on February 5, 2013.

should be reduced by $2,182.00.  *See, e.g., Alberti v. Klevenhagen*, 46 F.3d 1347, 1358 (5th Cir. 1995) ("the district court is allotted broad discretion in taxing costs").

## CONCLUSION

Accordingly, **IT IS ORDERED** that Whitney Bank's motion be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that the $2,704.00 tax award issued by the Clerk of Court to Bain be and hereby is **REDUCED** by $2,182.00.  Bain is entitled to an award of costs from Whitney Bank in the amount of $522.00.

**IT IS FURTHER ORDERED** that the Clerk of Court shall modify its tax award in accordance with this Order.

**New Orleans, Louisiana, this 5th day of April, 2013.**


_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**